IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARYL A. LUDY,                          )
                                        )
            Petitioner,                 )
                                        )
            v.                          )          Civil Action No. 05-277E
                                        )           JUDGE SEAN McLAUGHLIN
WARDEN, FCI MCKEAN,                     )          MAGISTRATE JUDGE BAXTER
                                        )
            Respondent.                 )


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION


**I.      RECOMMENDATION**

            It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by a federal prisoner be denied, and that the Motion to Expedite this case  (Docket #11) be denied as moot.

**II.     REPORT**

            This is a petition filed pursuant to 28 U.S.C. § 2241 by Daryl A. Ludy who is a federal prisoner serving a sentence of 40 months for Conspiracy, Money Laundering and Possession of a Firearm by Convicted Felon.  The sentence of incarceration was imposed in June 2001 by the United States District Court for the Eastern District of Michigan along with a 3 year term of supervised release.

            The instant petition raises questions concerning what credit, if any, petitioner Ludy should receive for time he spent in state custody prior to October 13, 2004, when he was officially paroled by the state of Michigan to a federal detainer.  Ludy has been given credit against his federal sentence for all time since October 13, 2004, but he argues that he is entitled to credit for all time spent in state custody in Michigan beginning on April 13, 2002.  A response has been filed to the petition (Docket #5), Petitioner filed a traverse (Docket #6), Respondent filed a sur-reply (Docket #7) and Petitioner filed a second traverse (Docket #10).  Petitioner has also filed a Motion to Expedite (Docket #11) asking that the court quickly rule on his petition.  The petition and motion are ripe for disposition.

**A.     Subject matter jurisdiction.**

Initially the Court notes that, although a challenge to a federal sentence *as imposed* must be made under 28 U.S.C. § 2255, a claim concerning execution of a federal sentence by federal prison and parole authorities is properly brought under 28 U.S.C. § 2241. Bennett v. Soto, 850 F.2d 161 (3d Cir.1988); Gomori v. Arnold, 533 F.2d 871 (3d Cir.), cert. denied, 429 U.S. 851 (1976). Because Petitioner is primarily challenging the terms (i.e., execution) of his sentence, his habeas petition is properly brought under Section 2241.

**B.     Exhaustion.**

A federal prisoner seeking habeas relief under 28 U.S.C. § 2241 first must exhaust administrative remedies before bringing his or her claim to federal court. United States v. Wilson, 503 U.S. 329, 334-35, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir.1996); United States v. Keller, 58 F.3d 884 (2d Cir.1995); United States v. Brann, 990 F.2d 98, 104 (3d Cir.1993).  The Bureau of Prisons is the agency charged with administering the federal prison system. Reno v. Koray, 515 U.S. 50, 57, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995); Wilson, 503 U.S. at 334-335. For federal prisoners challenging Bureau of Prisons determinations, the initial venue is the administrative process.  The Bureau of Prisons codified its Administrative Remedy Program ("ARP") in 28 C.F.R. Part 542, which provides detailed procedures and guidelines for federal prisoners to seek administrative review of any aspect of their confinement.  Respondent concedes that Petitioner has pursued an appeal of the challenged action through all levels of administrative review and, hence, available administrative remedies have been exhausted in this case.

**C.     Relevant facts.**

Petitioner Ludy's federal sentence was imposed on June 15, 2001, in the United States District Court for the Eastern District of Michigan, and he was "permitted to remain on an unsecured bond with the condition that he report as directed to the designated custodial facility." (Docket #5, Document 2b).  Petitioner was directed to report to a designated federal correctional facility on August 31, 2001, but he concedes that he failed to report as ordered (Id.; Docket #6, page 3).  An arrest

warrant was issued by the sentencing court on September 6, 2001 (Docket #5, Document 2c), but Petitioner was not taken into custody by federal authorities.

On April 13, 2002, Petitioner was arrested by Oak Park police officers in Michigan (Docket #6, page 3) pursuant to new state criminal charges.  Bond was set at $100,000 with a notation that Petitioner would be released, if at all, to federal authorities (Id.).  Petitioner did not post bond, and ultimately pled guilty in state court on July 10, 2002, at which time he was sentenced to 2 years and 6 months to 40 years for the offense of Uttering and Publishing (Docket #5, Document 2e).  The state court awarded Petitioner credit for 87 days time served (covering the period from his arrest on April 13, 2002, until sentencing on July 10, 2002).  The state sentence was amended on May 18, 2004, to direct that it be served concurrently with the earlier imposed federal sentence (Id., Document 1f).  On October 13, 2004, Petitioner was paroled from his state sentence to a federal detainer (Id., Document 1g).  He was given credit against his state sentence for time served from July 10, 2002, through October 13, 2004, making the total time credited to his state sentence 2 years and 6 months (Id., Documents 2e and 2f).

Petitioner was designated to FCI McKean in November 2004.  The Bureau of Prisons has credited Petitioner for time served against his federal sentence since October 13, 2004, as well as two other days, March 29, 2000 and April 26, 2000, which had not been credited against any other sentence (Id., Documents 1a and 1h).

### D.    Applicable legal standard.

The Attorney General is responsible for computing federal sentences for all offenses committed on or after November 1, 1987, United States v. Wilson, 503 U.S. 329 (1992) and 18 U.S.C. § 3585, and the Attorney General has delegated that authority to the Director of the Bureau of Prisons, 28 C.F.R. § 0.96 (1992).  Also relevant to this petition is the concept of "primary jurisdiction."  When two different sovereigns have custody of a criminal defendant over time, the general rule is that the sovereign who acquires custody first in time has primary jurisdiction over the defendant.  See Chambers v. Holland, 920 F.Supp. 618, 622 (M.D.Pa.), aff'd, 100 F.3d 946 (3d Cir.1996) and cases cited therein.

> Primary jurisdiction remains vested in the [jurisdiction] which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.

Chambers, 920 F.Supp. at 622 (citations omitted).

In a habeas proceeding where computation of a federal sentence is at issue, a court must consider two separate matters.  First, the court must establish when the federal sentence commences; and second, the court must determine the extent to which the petitioner may be entitled to credit for time spent in custody prior to commencement of the sentence.  Chambers, 920 F.Supp. at 621.  This is so since the applicable statute applies different standards to time served after a federal sentence commences, and time served prior to that time. 18 U.S.C. § 3585.

**E.      Analysis.**

The first inquiry, concerning the commencement of the federal sentence, is governed by 18 U.S.C. § 3585(a):

> **(a) Commencement of sentence**.--A sentence to a term of imprisonment commences on the date the defendant **is received in custody** awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(Emphasis added).  Here, the federal sentence "commenced" when Petitioner was delivered to federal custody on October 13, 2004.  Petitioner's argument that the order directing him to report to a federal facility in August 2001 suffices to commence his sentence is simply wrong since he was not "received in custody" and did not arrive voluntarily to commence service of his sentence.  Petitioner has been credited for all time served after October 13, 2004 and, accordingly, § 3585(a) is not at issue here.

Petitioner's argument centers on his claim that he is entitled to pre-sentence credit pursuant to § 3585(b).  While the BOP has given Petitioner credit for time served from the date he was released to federal custody, October 13, 2004, he nonetheless argues that he is entitled to credit against his federal sentence for all time spent in custody from the date his federal sentence was imposed in June 2001.  Petitioner was not immediately incarcerated after his sentence was imposed, however, and was not again in custody until April 15, 2002, when he was arrested on state charges.  Thus, the time period at issue is the 30 months he spent in state custody from April 15, 2002, until October 13, 2004.

The provisions of 18 U.S.C. §3585(b) govern pre-sentence credit issues:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence.**

18 U.S.C. § 3585 (emphasis added).  Here, the United States has presented uncontradicted evidence that Petitioner received credit against his state sentence for all time spent in custody from the date of his arrest on April 15, 2002, until October 13, 2004.  Therefore, pursuant to the express terms of § 3585, Petitioner is not entitled to credit against his federal sentence for this period since he has already been given credit against another sentence.

Petitioner nonetheless argues that the federal authorities were the first to assert primary jurisdiction over him and that he should receive credit for all time served in state custody.  "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." U.S. v. Cole, 416 F.3d 894, 897 (8th Cir. 2005); Chambers, supra.  While it is true that federal authorities were the first to assert jurisdiction over petitioner, this jurisdiction was relinquished when Petitoiner was released on bond after his sentence was imposed. "Primary jurisdiction continues until the first sovereign relinquishes its priority in some way.  Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail . . .." Cole, 416 F.3d at 897.

The decision in Cole is instructive in this case.  Cole was arrested by federal authorities, but was released on bond after a mental health evaluation.  Thereafter, the state of Arkansas arrested Cole and thereby obtained the primary jurisdiction over Cole which the federal authorities had relinquished.  Cole was thereafter "loaned" to the United States for prosecution at which time a federal sentence was imposed.  The federal sentence never commenced, however, because Cole was immediately returned to the state of Arkansas, which had itself never relinquished primary jurisdiction.

– 5 –

This case is similar to <u>Cole</u> in that Petitioner Ludy was initially under the primary jurisdiction of the United States due to the imposition of a federal sentence. However, as in <u>Cole</u>, Ludy was released on bond at which point the United States relinquished primary jurisdiction. The issuance of an arrest warrant by the federal court on September 6, 2001, does not change this analysis since that warrant was not executed and the federal authorities did not again "obtain custody" of petitioner until October 13, 2004. <u>Cole</u>, 416 F.3d at 897 (controlling factor on which sovereign may proceed is actual physical custody of prisoner). Therefore, when Petitioner was arrested in Michigan in April, 2002, the State of Michigan obtained primary jurisdiction over him and did not relinquish same until October 13, 2004. Petitioner is not entitled to credit against his federal sentence for time served in state custody.[1]

Petitioner also argues that, had he posted bond in the state court in 2002, he would have been released to the federal detainer at that time and would have been entitled to credit against his federal sentence from that date. Indeed, petitioner could have begun service of his federal sentence in this fashion. Of course, Petitioner could also have started his federal sentence running on August 31, 2001, if he had surrendered to federal custody as ordered. In each instance, however, Petitioner's own actions or inactions are the impediment to his obtaining credit against his federal sentence. On the record actually before the court applicable law supports the Bureau of Prison's computation of the credit for time served to which petitioner is entitled. This petition should be denied.

III.   **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus filed by a federal prisoner be denied, and that the Motion to Expedite this case

---

[1]   Petitioner is also not entitled to rely upon the state court's belated attempt to make its sentence concurrent to the already imposed federal sentence. A federal sentence and state sentence are presumed to be imposed consecutively unless the **federal court** specifically indicates otherwise. 18 U.S.C. §3584(a). Here, the federal sentence was imposed long before the state charges even arose, and could not have been imposed concurrently to a state sentence which did not even exist.

- 6 -

(Docket #11) be denied as moot.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

_____/s/ Susan Paradise Baxter_____
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: October 27, 2006

cc:     The Honorable Sean J. McLaughlin
        United States District Judge

        Daryl A. Ludy
        20280-039
        F.C.I. McKEAN
        P.O. Box 8000
        Bradford, PA 16701

        Christy C. Weigand, Esquire
        Assistant United States Attorney
        401 U.S. Post Office & Courthouse
        Pittsburgh, PA 15219